# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CRIMINAL NO. 3:07-cr-00061-9-W**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **DEMARIO BRIDGES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Bond Modification and Reconsideration (Doc. No. 214), filed October 10, 2007. The Government has responded in opposition to the motion (Doc. No. 215), and this matter is now ripe for review.

As a threshold matter, defense counsel argues that 18 U.S.C. § 3143(a)(2) does not apply to Defendant because a plea of guilty to the magistrate does not qualify as being "found guilty" pursuant to 18 U.S.C. § 3143(a)(2). To the contrary, this Court has previously ruled, and the applicable case law makes clear, a guilty plea that is accepted by a magistrate judge qualifies as being "found guilty" under the terms of § 3143. United States v. Moffitt, No. 3:06-cr-00066, 2006 WL 3240752, at *1-2 (W.D.N.C. Nov. 7, 2006). Accordingly, defense counsel's argument is without merit.[1] Furthermore, under the Bail Reform Act of 1984, Defendant must be detained because he has been found guilty of an "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et. seq)" and is awaiting imposition of a sentence. See

---

[1] Additionally, the Court reminds defense counsel that it is inappropriate to cite to Magistrate Judge Howell's opinion in United States v. Freeman, No. 2:06-cr-00012, 2006 WL 3833435 (W.D.N.C. Dec. 29, 2006), because it was overruled by Judge Thornburg. See United States v. Freeman, No. 2:06-cr-12, Doc. No. 116 (W.D.N.C. January 22, 2007).

18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(c).

IT IS, THEREFORE, ORDERED that Defendant's Motion (Doc. No. 214) is DENIED.

Signed: October 12, 2007

Frank D. Whitney
United States District Judge